E-FILED
Thursday, 14 July, 2016  03:32:40 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

RAYMOND WRENCHER,                        )
   Plaintiff,                               )
                                            )
vs.                                      )            No. 15-3328
                                            )
WEXFORD HEALTH SOURCES, et.al.,          )
   Defendants                               )

CASE MANAGEMENT AND MERIT REVIEW ORDER

     This cause is before the Court for consideration of Plaintiff's motion for leave to file an amended complaint.[8] Plaintiff's initial complaint was dismissed for failure to state a claim upon which relief could be granted pursuant to §1915A. *See* February 24, 2016 Merit Review Order.  Nonetheless, it was possible Plaintiff could articulate a constitutional violation and therefore he was given additional time to file an amended complaint.  Plaintiff has now complied and his motion for leave to file an amended complaint is granted pursuant to Federal Rule of Civil Procedure 15.[8]

     The Court is still required by 28 U.S.C. §1915A to "screen" the amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

     The Plaintiff, a pro se prisoner, again alleges his constitutional rights were violated at Lincoln Correctional Center.  The amended complaint identifies three Defendants including Wexford Health Sources, Illinois Department of Corrections (IDOC) Medical Director Dr. Louis Schicker, and Nursing Director Carrie Claussen. [8]  Plaintiff says he has suffered with extreme

knee pain for two years, but the Defendants have refused to provide him with an M.R.I scan, referral to an orthopedic doctor, or proper medical care.

To demonstrate an Eighth Amendment violation, the Plaintiff must show he suffered from a serious medical need and the Defendants were deliberately indifferent to that need. *See Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976); *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir.2008). While the term, "serious medical need" is far from "self-defining," the Seventh Circuit notes it was clearly intended to include not only conditions which are life-threatening, but also those in which denial or delay in medical care results in needless pain and suffering. *Gutierrez v Peters*, 11 F3d 1364, 1370 (7th Cir. 1997).

"[A] finding of deliberate indifference requires evidence that the official was aware of the risk and consciously disregarded it nonetheless." *Mathis v. Fairman*, 120 F.3d 88, 91 (7th Cir. 1997)(*citing Farmer at* 840-42) Applying this standard to medical professionals, the Seventh Circuit has stated that "[a] medical professional is entitled to deference in treatment decisions unless no minimally competent professional would have so responded under those circumstances." *Sain v Wood*, 512 F.3d 886, 894-95(7th Cir. 2008) *quoting Collignon v Milwaukee County*, 163 F.3d 982, 988 (7th Cir. 1998). For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Sain*, 512 F.3d at 895 (7th Cir.2008)(*internal citations omitted*).

Plaintiff attached grievances to his initial complaint demonstrating he was seen in the Health Care Unit for his complaints of knee pain on several occasions. *See* February 24, 2016 Merit Review, p. 1-2. In his amended complaint, Plaintiff says Wexford knew about his medical

condition due to his multiple requests for additional care which were repeatedly denied.  Plaintiff

says Wexford is therefore liable because his medical care is under the company's "supervision

and control." (Amd. Comp., p. 6).

As the Court has previously explained, a corporation such as Wexford can only be liable

"if the plaintiff's harm is caused by its unconstitutional policy or practice." *Viverette v. Wexford*

*Health Sources, Inc.*, 2015 WL 4511959, at *3 (S.D.Ill. July 24, 2015); *see also Perez v.*

*Fenoflio,* 792 F.3d 768, 780(7th Cir. 2015) ("In this circuit, a private corporation cannot be held

liable under § 1983 unless it maintained an unconstitutional policy or custom."); *see also*

*Franklin v. Obaisi,* 2016 WL 3261813, at *3 (N.D.Ill. June 14, 2016)("Although the Seventh

Circuit has in recent years questioned the soundness of this approach—especially as it concerns

the putative liability of private corporations (like Wexford)…the law, as this court must apply it,

has not changed.")  Plaintiff has not identified or alleged a Wexford policy or practice was

responsible for the denial of his medical care, and therefore the Court must dismiss Wexford.

Plaintiff next alleges Defendant IDOC Medical Director Dr. Louis Shicker knew about

his condition and is responsible for the denial of medical care because Plaintiff's grievance was

denied.  However, the IDOC Medical Director is not typically involved in the grievance

procedure or the medical care of an individual inmate.  The Court also notes the attached

grievance indicates Nursing Director Carrie Claussen was responsible for reviewing Plaintiff's

grievance and providing a response.  The Plaintiff has not provided any further factual support

which would allow the Court to infer Dr. Shicker was involved, and Plaintiff's unsupported

claim that the IDOC Medical Director knew about his complaints because he filed a grievance is

insufficient.  Therefore, the Court must dismiss Defendant Dr. Shicker.

Plaintiff alleges Nursing Director Carrie Claussen clearly knew about his medical condition since she reviewed his medical record and provided a detailed response to his grievance.  Claussen's response outlines Plaintiff's repeated visits to the Health Care Unit from February 16, 2012 to May 23, 2014.[1]  The record indicates Plaintiff's complaints of pain were not continuous.  Nonetheless, at various times he was provided with Tylenol, Naproxen, an ace wrap, crutches, an x-ray, physical therapy, strengthening exercises, and light duty and low bunk permits. (Amd. Comp, p. 19-20).  In addition, the on-site physician, Dr. Kotteman, requested an M.R.I on two occasions for additional evaluation, but both requests were denied during collegial review noting the M.R.I results would not change the recommendation for physical therapy.

The amended complaint demonstrates Nurse Claussen investigated Plaintiff's complaints, thoroughly reviewed his medical record, and insured Plaintiff's complaints were reviewed and addressed by medical staff.  She further noted Plaintiff was still under the care of a doctor.  The Plaintiff has not alleged this Defendant had any other involvement in his medical treatment.  He does not allege she interfered with treatment, had reason to believe he was not receiving appropriate care, nor that she had the authority to order an M.R.I or different care. *Williams v. Guzman*, 346 Fed.Appx. 102, 106 (7th Cir. 2009)(nurse played no part in doctors' treatment decisions, "and nothing in the record suggests that they had authority to refer inmates to outside specialists."); *Jackson v. Kohlwey*, 2010 WL 1186282, at *2 (E.D.Wis. Mar. 19, 2010)(registered nurse "had no authority to override a diagnosis or course of treatment ordered by a medical doctor.")   In fact, the Nurse stated in her response that Plaintiff's "symptoms are consistent with that of a strain." (Amd. Comp., 8-1, p. 2).  Furthermore, simply denying Plaintiff's grievance is

---

[1] Plaintiff originally injured his knee at Logan Correctional Center in 2012, but the medical records indicate the injury was "resolved" when he entered Lincoln Correctional Center in March of 2013. (Amd. Comp., 8-1, p. 2). Nurse Claussen states the medical records also indicate Plaintiff re-injured his knee after participating in sports on August 27, 2013 and April 11, 2014.

not sufficient for liability. *George v Smith*, 507 F.3d 605, 609(7th Cir. 2007)("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.")

Plaintiff cannot proceed with an Eighth Amendment claim merely because he disagrees with the treatment provided, nor has he adequately alleged any fact from which the Court can infer "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Sain*, 512 F.3d at 895.

IT IS THEREFORE ORDERED:

1) Plaintiff's motion for leave to file an amended complaint is granted pursuant to Federal Rule of Civil Procedure 15. [8]

2) Pursuant to its merit review under 28 U.S.C. § 1915A, Plaintiff's amended complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A. This case is closed. All pending     motions are denied as moot. [9, status].

3) This dismissal shall count as one of the Plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the Plaintiff's strike in the three-strike log.

4) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the Plaintiff does choose to appeal, he will be for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 14th day of July, 2016.

s/ James E. Shadid

_____

JAMES E. SHADID
UNITED STATES DISTRICT JUDGE